Andrew Delahunt, Esq. (SBN 285512)
andrew@andrewdelahunt.com
Law Office of Andrew Delahunt
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel: (310) 984-6762
Fax: (310) 775-4466

Nathaniel Kleinman, Esq. (*pro hac vice*)
nate@mkiplaw.com
McCulloch Kleinman Law
501 Fifth Avenue, Suite 1809
New York, NY 10017
Telephone: (212) 355-6050
Fax: (206) 219-6358

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEC BYRNE,<br><br>　　　*Plaintiff*<br><br>　　　*v.*<br><br>GETTY IMAGES (US), INC.; LOS ANGELES TIMES COMMUNICATIONS LLC; DOTDASH MEDIA INC.; VOX MEDIA, LLC; QUARTO PUBLISHING GROUP USA, INC.; and JOHN DOES 1-237,<br><br>　　　*Defendants.* | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Alec Byrne ("Byrne" or "Plaintiff"), by and through undersigned counsel, as and for his Complaint against Defendants Getty Images (US), Inc. ("Getty Images"); Los Angeles Times Communications LLC ("LA Times"); Dotdash Media, Inc. ("Dotdash"); Vox Media, LLC ("Vox"); Quarto Publishing Group USA, Inc. ("Quarto Publishing"); and John Does 1-237 (the "Doe Defendants") (collectively "Defendants") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act of the United States as amended, 17 U.S.C. § 101, *et seq.*, arising out of Defendants' unauthorized copying, reproduction, public display, licensing and distribution of copyrighted photographs created and owned by Plaintiff, as described herein (collectively, the "Subject Photographs").

2.      Plaintiff seeks monetary and injunctive relief under Sections 502 and 504 of the Copyright Act, 17 U.S.C. §§ 502, 504.

## PARTIES

3.      Plaintiff Byrne is a well-known music photographer whose work primarily documented the rock-and-roll scene in London, U.K., during the 1960s and 1970s.

4.      Plaintiff emigrated to the United States from the U.K. in or about 1975 and is a long-time resident of California.

5.      Plaintiff's photographs have been exhibited internationally, with select works included in the permanent collection of the National Portrait Gallery in London.

6.      Defendant Getty Images is a corporation registered in New York with offices located around the country, including in Los Angeles, California.

7.      Getty Images is one of the world's largest aggregators and licensors of "stock" photography.

8.      Getty Images operates a fully interactive website, located at www.gettyimages.com, through which customers can purchase licenses to use photos and then download copies of photos, including Plaintiff's photos at issue in this action.

9.      Defendant LA Times is a Delaware limited liability company which publishes the well-known Los Angeles Times daily newspaper and operates a website located at www.latimes.com, with its principal offices located at 2300 E. Imperial Highway, El Segundo, California.

10.      According to its website, LA Times is "the largest metropolitan daily newspaper in the country, with more than 40 million unique latimes.com visitors monthly, Sunday print readership of 1.6 million and a combined print and online local weekly audience of 4.4 million."

11.   Defendant Dotdash is a Delaware corporation which owns the "People Magazine" brand and publication, having its principal offices at 225 Liberty Street, 4th Floor, New York, New York.

12.   Upon information and belief, Dotdash owns and operates the website located at www.people.com. According to the Dotdash website, www.dotdashmeredith.com/brands/entertainment/people, People Magazine has a total reach of 127 million people and 4.1 billion "weekly media impressions."

13.   Dotdash maintains a California registered agent at 330 N. Brand Boulevard, Glendale, California.

14.   Defendant Vox is a Delaware corporation which owns the "Vulture" brand and website located at www.vulture.com.

15.   Vox maintains a California registered agent at 2710 Gateway Oaks Drive, Sacramento, California, and upon information and belief, operates an office in Los Angeles.

16.   Defendant Quarto Publishing is a Delaware corporation registered to do business in California, with offices located at 26391 Crown Valley Parkway, Suite 220, Mission Viejo, California 92691.

17.   Upon information and belief, Quarto Publishing owns and/or operates business through several book publishing imprints, including "Voyageur Press" and "Crestline Books."

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction of any Act of Congress related to copyrights).

19.     This Court has personal jurisdiction over Defendants because they either reside in or conduct substantial business in California and in this District.

20.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants may be found here and a substantial portion of the conduct at issue occurred in this District, and the documents and relevant witnesses related to Plaintiff's claims are located in Los Angeles, California.

## FACTUAL ALLEGATIONS

21.     In or about December 1974, Plaintiff shot a series of photographs of the popular musical group ABBA in his private London studio, including the image shown below (the "ABBA Photograph"):



22.     On or about November 16, 2021, Plaintiff became aware that Getty Images had been offering for sale, licensing, and distributing the ABBA Photograph

through its website to dozens of media entities and websites, including the LA Times.

23.   Plaintiff has never entered into any licensing agreement or other contract with Getty Images.

24.   The ABBA Photograph was displayed and available for licensing on the Getty Images website as part of the "Redferns" collection of archival music photographs which, upon information and belief, Getty Images acquired in or about 2008.

25.   The ABBA Photograph available on Getty Images included a "restriction" stating: "Contact your local office for all commercial or promotional uses. ACCESS RIGHTS ONLY. This is a publicly distributed handout. Getty Images provides access rights only and does not license the copyright in the image." Attached hereto as Exhibit 1 is a true and correct copy of a screen capture of the ABBA Photograph as displayed/offered on the Getty Images website.

26.   Plaintiff never licensed or distributed the ABBA Photograph as a publicity "handout" and thus such a description is incorrect.

27.   As shown in Exhibit 1, a "[s]tandard editorial rights" license was available for purchase from Getty Images at a cost between $175 to $499 depending on the desired image size.

28.   Defendant LA Times copied, published, and is currently displaying the ABBA Photograph as part of an article titled, "The surprising story of how ABBA

became beloved gay icons," available at https://www.latimes.com/entertainment-arts/music/story/2021-11-04/abba-voyage-dancing-queen-gay-icons, published on November 4, 2021.  A true and correct screen capture of this article is attached hereto as Exhibit 2.

29.   Defendant Dotdash copied, published, and is currently displaying the ABBA Photograph as part of an article on the People Magazine website, titled "Gimme! Gimme! Gimme! The First Official ABBA Restaurant Is Coming," available at https://people.com/food/abba-restaurant-opening-stockholm-sweden/, which was last updated December 3, 2020.  A true and correct screen capture of this article is attached hereto as Exhibit 3.

30.   Defendant Vox copied, published, and is currently displaying the ABBA Photograph as part of an article on the Vulture website, titled "Abba Is Planning a Cryptic 'Virtual and Live Experience' to Enable a New Generation of Dancing Queens," available at https://www.vulture.com/2016/10/abba-planning-cryptic-vitual-live-experience.html.  A true and correct screen capture of this article is attached hereto as Exhibit 4.

31.   Getty Images licensed and distributed the ABBA Photograph despite explicitly representing to its customers that the image was a "publicly distributed handout" and that it could provide "ACCESS RIGHTS ONLY."

32.   Upon information and belief, Getty Images has licensed and continues to license numerous other "handout" photographs in archival collections such as

Redferns and others, including the Michael Ochs Archive, despite being aware that such licensing is prohibited.

33.    In or about August 1969, Plaintiff shot a series of photographs of the musical group known as Zager & Evans, including the image shown below (the "Z&E Photograph"):



34.    Upon information and belief, Getty Images published, displayed, offered for sale, licensed, and distributed the Z&E Photograph on its website and licensing platform as part of the Redferns collection, with the same "restrictions" and "handout" notice as the ABBA Photograph.  Attached as Exhibit 5 is a true and correct screen capture of the Z&E Photograph as offered on the Getty Images website.

35.    Attached hereto as Exhibit 6 are true and correct screen captures of uses of the Z&E Photograph by third parties that have been discovered by Plaintiff and, upon information and belief, were originally sourced from Getty Images.

36.    In or about 1973, Plaintiff shot a series of photographs of the musical artist known as Alvin Stardust, including the image shown below (the "Stardust Photograph"):



37.     Upon information and belief, Getty Images published, displayed, offered for sale, licensed, and distributed the Stardust Photograph on its website and licensing platform as part of the Redferns collection, with the same "restrictions" and "handout" notice included.  Attached as <u>Exhibit 7</u> is a true and correct screen capture of the Stardust Photograph as offered on the Getty Images website.

38.     In or about 1969, Plaintiff shot a series of photographs of Barry Gibb, lead singer of the Bee Gees, including the image shown below (the "Gibb Photograph"):



39.     Upon information and belief, Getty Images published, displayed, offered for sale, licensed, and distributed the Gibb Photograph – which has been altered to remove the cigarette in Gibb's hand – on its website and licensing platform

as part of the Redferns collection, with the same "restrictions" and "handout" notice included.  Attached as <u>Exhibit 8</u> is a true and correct screen capture of the Gibb Photograph as offered on the Getty Images website.

40.     In or about 1969, Plaintiff shot a series of photographs of the original members of the musical group Fleetwood Mac, including the image shown below (the "Fleetwood Mac Photograph"):



41.     Upon information and belief, Getty Images published, displayed, offered for sale, licensed, and distributed the Fleetwood Mac Photograph on its website and licensing platform as part of the "Michel Ochs Archive" collection. Attached as <u>Exhibit 9</u> is a true and correct screen capture of the Fleetwood Mac Photograph as offered on the Getty Images website.

42.     Upon information and belief, Defendant Quarto Publishing obtained a copy of the Fleetwood Mac Photograph from Getty Images and incorporated/published the image in a book, titled, "Fleetwood Mac: The Complete Illustrated History," in both hardcover and e-book format, under both the Voyageur Press imprint (2017) and subsequently under the Crestline Books imprint (2021).

Attached hereto as <u>Exhibit 10</u> is a true and correct screen capture of the Fleetwood Mac Photograph as included in this book.

43.    Upon information and belief, at least 175 Getty Images customers downloaded and copied the one or more of the Subject Photographs through its "Premium Access" subscription option, and at least 62 customers purchased "a la carte" licenses to these images.    These as-of-yet unidentified Getty Images customers are named herein as the Doe Defendants.

44.    Upon information and belief, the Doe Defendants downloaded copies of one or more of the Subject Photographs from Getty Images and published them onto their various websites, publications, and other media platforms.

45.    Upon information and belief, Getty Images has received ill-gotten revenues from the unauthorized licensing and distribution of the Subject Photographs, including but not limited to the subscription downloads and a la carte sales made to the Doe Defendants.

### COUNT I
### COPYRIGHT INFRINGEMENT
### AGAINST ALL DEFENDANTS

46.    Plaintiff repeats and re-alleges each allegation set forth in all paragraphs above as if set forth fully herein.

47.    Plaintiff created and is the owner of all copyrights in and to the Subject Photographs.

48.     The Subject Photographs were originally created and published in the United Kingdom between 1969 and 1973.

49.     The U.K. was one of the original signatories and member parties to the Berne Convention for the Protection of Literary and Artistic Works of 1886 ("Berne Convention")

50.     Even if the Subject Photographs were originally ineligible for protection in the United States due to differing formality/notice requirements between the U.S. and U.K., Plaintiff's U.S. copyrights in and to the Subject Photographs were restored in 1994 pursuant the Uruguay Round Agreements Act of 1994 ("URAA").

51.     Plaintiff has submitted registration applications to the United States Copyright Office for the Subject Photographs, which remain pending, however an approved registration is not a prerequisite to assert an infringement claim for foreign works. *See* 17 U.S.C. § 411.

52.     Defendants displayed, published, distributed, and/or otherwise used and exploited one or more of the Subject Photographs as alleged herein without authorization from Plaintiff or a valid license.

53.     Defendants' unauthorized use of the Subject Photographs was willful, intentional, and/or the result of reckless disregard of Plaintiff's copyrights.

54.     Upon information and belief, Getty Images generated licensing revenues from the Subject Photographs despite (incorrectly) labeling such images as

"publicly distributed handout[s]" which could not be sold or sublicensed commercially.

55.     Getty Images confusingly offers and has sold "editorial rights" licenses to Plaintiff's images while simultaneously stating that it "provides access rights only and does not license the copyright in the image."

56.     Upon information and belief, the full scope of images that Getty Images has offered and sold with such contradictory "restrictions" language is not limited to the Subject Photographs.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1.     A permanent injunction against Defendants precluding them from displaying, distributing, advertising, promoting, and/or selling the photographs identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photographs and all copies of the infringing materials described in this complaint, that are in the control or possession or custody of Defendants;

2.     All allowable damages under the Copyright Act, including but not limited to damages incurred as a result of Plaintiff's loss of licensing revenue, Defendants' lack of attribution, and Defendants' profits attributable to the infringement;

3.     For such other and further relief as the Court deems just and proper.

**<u>JURY TRIAL DEMANDED</u>**

New York, New York
Dated:  June 26, 2023

                                         Respectfully submitted,

                                         /s/ Nathaniel Kleinman
                                         Nathaniel Kleinman, Esq. (*pro hac vice*)
                                         McCulloch Kleinman Law
                                         501 Fifth Avenue, Suite 1809
                                         New York, New York 10017
                                         Tel: (212) 355-6050
                                         nate@mkiplaw.com

                                         -and-

                                         Andrew Delahunt, Esq. (SBN 285512)
                                         Law Office of Andrew Delahunt
                                         1801 Century Park East, 24th Floor
                                         Los Angeles, CA 90067
                                         Tel: (310) 984-6762
                                         Fax: (310) 775-4466
                                         andrew@andrewdelahunt.com